**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

ELIZABETH RAMANI,                          *

    Plaintiff,                             *

v.                                         *       Case No.: GJH-19-3342

GENESIS HEALTHCARE, INC., *et al.*,        *

    Defendants.                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Elizabeth Ramani brought this civil action against Genesis HealthCare, Inc. ("GHI") and Genesis Eldercare Rehabilitation Services, LLC d/b/a Genesis Rehabilitation Services ("GRS") (collectively, "Defendants") alleging retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514, *et seq.*, intentional misrepresentation under Maryland law, and breach of contract under Maryland law. ECF No. 12. Pending before the Court is Defendants' Motion to Transfer Venue to the Northern Division of the District of Maryland, ECF No. 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendants' Motion to Transfer is denied.

I.      **BACKGROUND**

Plaintiff filed her original Complaint against GHI on November 20, 2019 in the Southern Division of the United States District Court for the District of Maryland. ECF No. 1. The original Complaint included two counts: one for retaliation under the Sarbanes-Oxley Act, 18 U.S.C. § 1514, *et seq.*, and the other for intentional misrepresentation under Maryland law. *Id.* ¶¶ 61–80. Six months later, on May 21, 2020, Plaintiff filed an Amended Complaint, adding GRS as a

1

Defendant, ECF No. 12-1 at 2–3,[1] and adding a third count for breach of contract under Maryland law, *id.* ¶¶ 88–97.

Plaintiff's Amended Complaint centers on her employment at GRS's Ballenger Creek Center in Fredrick, Maryland, and her ultimate termination from that employment. *See* ECF No. 12-1 ¶¶ 8–66. Additionally, Plaintiff's allegations involve the actions and statements of numerous other GRS employees (or former employees), including Nicole Hoenig, Diane Michaud, Michelle Southerly, Deborah Pence, Meredith Shansky, Michelle Baldwin, Jeanine Valdez, Lisa Durham, and Jeffrey J. Caliari. *Id.* ¶¶ 18–60.

On June 12, 2020, Defendants filed the instant Motion to Transfer Venue to the Northern Division of the District of Maryland, arguing that none of the events giving rise to Plaintiff's claims occurred in this Division and that the Northern Division would be more convenient for Defendants. ECF No. 16 ¶¶ 5, 7. Plaintiff responded in opposition on June 19, 2020, ECF No. 18, and Defendants replied on July 1, 2020, ECF No. 21.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(b), "any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." "When considering requests for intra-district transfer, the court looks to the same factors relevant to change of venue motions pursuant to 28 U.S.C. § 1404(a)." *Whitehead v. Pepsi Bottling Grp, Inc.*, No. CV WMN-07-3478, 2008 WL 11509468, at *1 (D. Md. Apr. 24, 2008) (citing *Busey v. Bd. of Cty. Comm'rs of Cty. of Shawnee, Kan.*, 210 F.R.D. 736, 737 (D. Kan. 2002)). The factors relevant to motions to transfer under § 1404(a) include: "(1) the weight accorded plaintiff's choice of venue, (2) witness

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Topiwala v. Wessell*, No. CIV. WDQ-11-0543, 2012 WL 122411, at *6 (D. Md. Jan. 12, 2012) (citing *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008)).

"The Court weighs these factors, considering the specific facts of the case[,] to determine whether 'the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Taylor v. Shreeji Swami, Inc.*, No. PWG-16-3787, 2017 WL 1832206, at *3 (D. Md. May 8, 2017) (quoting *Topiwala*, 2012 WL 122411, at *6). However, "[u]nless the balance of these factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Topiwala*, 2012 WL 122411, at *6 (internal quotations marks and citations omitted). "The burden is on Defendants to demonstrate, 'by a preponderance of the evidence, . . . that transfer to another forum is proper.'" *Taylor*, 2017 WL 1832206, at *3 (quoting *Tse v. Apple Computer*, No. BEL-05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006)). "The decision to transfer is 'committed to the discretion of the district court.'" *Topiwala*, 2012 WL 122411, at *6 (quoting *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984)).

## III.   DISCUSSION

Below, the Court applies the specific facts of this case to the four factors outlined in *Topiwala* and finds that transferring this action from the Southern Division to the Northern Division of the District of Maryland would be inappropriate under 28 U.S.C. § 1404(b). Thus, the Court denies Defendants' Motion to Transfer.

### A.   Plaintiff's Choice of Venue

While the Plaintiff's choice of forum "is entitled to some deference, that deference is limited." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002). The Court will

not defer to a plaintiff's choice of venue when "'the chosen forum has little or no connection to

the events giving rise to the litigation.'" *Taylor*, 2017 WL 1832206, at *4 (quoting *Holland v.*

*Psychological Assessment Res., Inc.*, No. CCB-04-437, 2004 WL 964201, at *4 (D. Md. Apr. 27,

2004)); *see also Lynch*, 237 F. Supp. 2d at 617 ("Although a plaintiff's choice of forum is

ordinarily accorded considerable weight, that weight is significantly lessened when none of the

conduct complained of occurred in the forum selected by the plaintiff and said forum has no

connection with the matter in controversy."). Here, Plaintiff concedes in her Opposition that

"substantially all of the events concerning her termination from Defendants' employment

occurred" in the Northern Division rather than the Southern Division of the District of Maryland.

ECF No. 18 ¶ 2 (acknowledging the events occurred at the Ballenger Creek Center in Frederick

County, Maryland). Thus, because the Southern Division has little, if any, connection to the

events that gave rise to Plaintiff's Amended Complaint, Plaintiff's original choice of forum is

entitled to only slight deference.

###### B.    Witness Convenience and Access

"The convenience of the witnesses is 'perhaps the most important factor' in determining

whether a transfer of venue should be granted." *Mamani v. Bustamante*, 547 F. Supp. 2d at 473

(quoting *Cronos Containers Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md.

2000)). Moreover, "[i]nconvenience of non-party witnesses has more weight than inconvenience

of party witnesses, who are presumed willing to travel to another forum." *Topiwala*, 2012 WL

122411, at *8 (citing *Atl. City Assocs. No. 2, LLC v. Reale*, No. CCB-11-0078, 2011 WL

1769842, at *3 (D. Md. May 9, 2011)). "The party asserting witness inconvenience has the

burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their

potential testimony to enable the court to assess the materiality of evidence and the degree of

4

inconvenience." *Id.* (internal quotation marks omitted) (quoting *Koh v. Microtek Int'l*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003)).

Here, Defendants state that, while "Defendants cannot say with absolute certainty who they will identify as witnesses, . . . it is fair to assume that each of the individuals identified by Plaintiff in her Amended Complaint will be called by Defendants as witnesses in this matter." ECF No. 21 ¶ 6. Defendants go on to assert that five of these nine potential witnesses live and/or work in closer proximity to the courthouse in Baltimore than to the courthouse in Greenbelt. *Id.* However, in the Court's estimation, based on the same tool the parties used to ascertain their distances—*i.e.*, Google Maps, [2] ECF No. 18-1 ¶ 8; ECF 21-1 ¶¶ 4–10—the difference in travel time for these potential non-party witnesses to travel to the two courts never exceeds an hour. Additionally, Defendants—the parties that bear the burden of proving inconvenience—do not provide any evidence regarding whether this forum is convenient to the four remaining potential witnesses. Ultimately, due to the relative closeness of the transferor and transferee forums, the Court finds that this *Topiwala* factor is essentially neutral. There is insufficient evidence that any witness will be greatly inconvenienced if the litigation were to continue in either jurisdiction.

## C.    Convenience of Parties

"The convenience of the parties supports transferring a suit when travel to the original venue for extended time will cause hardship on the defendants, and the plaintiffs will not suffer hardship in the proposed venue." *Topiwala*, 2012 WL 122411, at *8 (citation omitted). In other words, when "transferring venue 'merely shift[s] the balance of the inconvenience' to the plaintiffs, this factor favors retaining the suit in the original forum." *Id.* (quoting *Tech USA, Inc.*

---

[2] The Court may "take judicial notice of facts, such as geographic distance, that 'can be accurately and readily determined by sources whose accuracy cannot reasonably be questioned.'" *Taylor*, 2017 WL 1832206, at *4 (quoting Fed. R. Evid. 201(b)(2)).

*v. Evans*, 592 F. Supp. 2d 852, 861 (D. Md. 2009). Here, to the extent litigating in the Southern

Division will create any hardship on Defendants, the proposed transfer would only shift the

balance of inconvenience to the Plaintiffs: "Ramani resides about 20 miles closer to Greenbelt

than to Baltimore; Defendant's principal place of business is about 20 miles closer to Baltimore

than to Greenbelt." ECF No. 18 at 6; *see* ECF No. 18-1 ¶ 8.[3] Thus, this factor slightly weighs in

favor of denying Defendants' Motion to Transfer.

### D.      Interest of Justice

The last category of factors includes: (1) the availability of compulsory process for

attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling

witnesses; (2) the possibility of a view of the premises, if appropriate; (3) the enforceability of a

judgment, if one is obtained; (4) the relative advantage and obstacles to a fair trial; (5) the other

practical problems that make a trial easy, expeditious, and inexpensive; (6) the administrative

difficulties of court congestion; (7) the local interest in having localized controversies settled at

home; (8) the appropriateness in having a trial of a diversity case in a forum that is at home with

the state law that must govern the action; and (9) the avoidance of unnecessary problems with

conflicts of laws. *See Helsel v. Tishman Realty & Const. Co.*, 198 F. Supp. 2d 710, 711–12

(listing convenience factors courts consider in applying § 1404(a)); *Topiwala*. 2012 WL 122411,

at *8 ("The interest of justice 'is intended to encompass all those factors bearing on transfer that

are unrelated to convenience of witnesses and parties.'" (quoting *Cross v. Fleet Reserve Ass'n*

*Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005)).

Because this Motion only requests an intra-district transfer, factors (3), (5), (7), (8), and

(9) are unlikely to be relevant. Moreover, based on the facts of this case, a view of the premises

---

[3] Moreover, both courts are closer to Defendants' place of business than they are to Plaintiff's residence. ECF No. 18-1 ¶ 8.

is unimportant, and thus factor (2) is irrelevant as well. Finally, Defendants have not offered any arguments relating to factors (1) and (6), and Plaintiff has explicitly claimed "there is no foreseeable conservation of judicial resource, or any other interest of justice, likely to be furthered by transferring this case to the Baltimore Division. ECF No. 18 at 6.  Thus, the Court finds that the "Interest of Justice" factor weighs against granting Defendant's Motion.

Because "the plaintiff's choice of forum should rarely be disturbed[,]" except for when "the balance of [the *Topiwala*] factors is strongly in favor of the defendant," the Court denies Defendant's Motion to Transfer. *Topiwala*, 2012 WL 122411 at \*6 (internal quotation marks omitted).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer is denied. A separate Order shall issue.

Date: January  21, 2021                              /s/
                                                     GEORGE J. HAZEL
                                                     United States District Judge